

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**RECEIVED**

SEP 2 9 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| :Robert – Iuffues Jr. :Webb | ) | |
| In care of 1209 Fuller Avenue | ) | CASE NUMBER |
| Municipality of Joliet/Will County | ) | |
| Republic of Illinois [60432] | ) | |
| Real land North America | ) | |
| (815)  557-0698 | ) | |
| | ) | JURY TRIAL DEMANDED |
| -vs- | ) | |
| | ) | |
| **JEANE M. FILLIPTCH,** sued in his | ) | AMOUNT IN CONTROVERSY |
| individual and personal capacity as the | ) | **$1, 150,000.00** |
| Law Librarian for the Circuit Court of the | ) | |
| Twelfth Judicial Circuit, Will County | ) | |
| Illinois | ) | |
| 14 West Jefferson Street | ) | |
| Municipality of Joliet, IL. 60432 | ) | |
| (815) 774-7887 | ) | |
| | ) | |
| **WILL COUNTY**, sued in its official | ) | |
| capacity as a home rule County | ) | |
| Corporation organized and existing under | ) | |
| the Laws of the State of Illinois | ) | |
| 302 North Chicago Street | ) | |
| Municipality of Joliet, IL.  60432 | ) | |

1:20-cv-05828
Judge Charles P. Kocoras
Magistrate Judge Heather K. McShain

## VERIFIED COMPLAINT

**COMES NOW** the Self-Represented Plaintiff, :Robert – Iuffues Jr. :Webb, reserving all rights, and waiving none, ever, and complains of defendant **JEANE M. FILLIPTCH** ("FILLIPITCH"), and defendant **WILL COUNTY** (the "COUNTY").

## I.   PRELIMINARY STATEMENT

1.   This is a civil action being brought forth pursuant to the Full and Equal Benefit of All Laws clause under Title 42 U.S.C. Section 1981(a), as well as being brought forth pursuant to Title 42 U.S.C. Section 1983 and the Equal Protection of the Law clause of the 14th Amendment of the Constitution for the United States, and is being brought forth pursuant to Article I. Section 20 of the Illinois Constitution by way of the Equal Protection of the Laws clause of Article I Section 6 of the Illinois Constitution, and the Torts of Defamation of Character and Abuse of Process seeking Compensatory, Discretionary, General, Proximate and Punitive damages against defendant JEANE M. FILLIPITCH, and seeks Compensatory damages against defendant WILL COUNTY, and seek Injunction relief against any future efforts on the part of defendant JEANE M. FILLIPITCH to interfere with my exercising rights under the Illinois Citizens Participation Act via my State registered not-for-profit corporation known as the Steering Committee for the Pan-African Alliance /Collective (SCPAAC) Inc., during our public service activities performed at the Will County Courthouse Law Library.

I, plaintiff Robert Iuffues Jr. of the Webb Family contend that defendant Jeane M. Fillipitch misused and abused her official position as the Librarian of the Circuit Court of the Twelfth Judicial Circuit's Law Library, in that she used her official position as the Law Library's Librarian to engage in fictional communication with the Illinois Attorney Registration and Disciplinary Commission (Chicago Office) by filing a (false) Request for Investigation which report contained fraudulent and misleading statements structured to portray criminality in my exercising my rights guaranteed under the Illinois Citizens Participation Act, and to discriminate against my efforts to be afforded the right to exercise the full and equal benefits of the Illinois

2.

Citizens Participation Act, as accorded to other similarly situated white citizens, and as accorded to other similarly situated State registered public interest corporations.

I, Robert Iuffues Jr. of the Webb Family further contend that due to defendant JEANE M. FILLIPITCH's spewing false and misleading information about me among various members of the Will County Bar Association and various other Courthouse assigned personnel has adversely

affected the possibility of my being able to obtain fair and impartial adjudication on any potential State Law claims which I would be able to pursue against her through the Circuit Court

of the Twelfth Judicial Circuit, Will County, Illinois, pursuant to obtain my State citizenship rights to obtain my certain remedy in the law, and I honestly and in good faith believe that I am entitled to federal court remedial action.

## II.   JURISDICTION

2.   This action is brought pursuant to Title 42 U.S.C. Section 1981(a) Discrimination Against Equal Right Under The Law, Title 42 U.S.C. Section 1983 Deprivation of Rights and the Equal Protection of the Law clause of the 14th Amendment of the Constitution for the United States of America, and this action is brought under Article I. Section 6. Equal Protection of the Law clause of the Illinois Constitution, and brought under the Illinois Torts of Defamation of Character and Abuse of Process. Jurisdiction is founded upon Title 28 U.S.C. Section 1331, 1343(3) and (4) in

the U.S. District Courts are authorized to exercise subject matter jurisdiction over all claims arising under the Laws and the Constitution for the United States. This court has supplemental jurisdiction over the Illinois Constitution claim and the state law claims of Defamation of Character and Abuse of Process pursuant to Title 28 U.S.C. Section 1367 in that the state law claims all have a loose connection to the underlying Section 1981(a) and the Section 1983 claims in that they all relate to the circumstances leading up to the facts of, and immediate aftermath of discrimination against equal rights under the law and the deprivation of rights claims at issue.

### III.  VENUE

3.    Venue is proper in this district pursuant to Title 28 U.S.C. Section 1391(b)(1)(2) in that the Northern District of Illinois is where a substantial part of the events or emissions giving rise to the claims of this action occurred, and this is the district where defendant Fillipitch resides and is employed, and is the district where defendant Will County is located.

### IV.  PARTIES

4.    The Plaintiff, Robert Iuffues Jr. of the Webb Family (At all relevant times referred to as plaintiff Webb" at all times mentioned hereinafter) is a direct descendant of the Tribe of Judah of the Hebrew Israelite Nation of People classified as a Negro citizen of the United States of America by virtue of having had been born at Ft. Riley/Geary County located in the Free State of Kansas, as well as is a Post Viet Nam Era voluntary enlisted U.S. Army soldier, and he is one of the incorporators, and is the Chief Legal Researcher of the State of Illinois registered not-for-profit Corporation known as the Steering Committee for the Pan-African Alliance/ Collective (SCPAAC).

5.    The Defendant, **JEANE M. FILLIPITCH** (At all relevant times referred to as defendant "Fillipitch" at all times mentioned hereinafter) is a Caucasian American female citizen who serves as the Law Library's Librarian of Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois. When engaged in the conduct complained of, did so while acting outside of the course and scope of her assigned duties and responsibilities as the Law Library's Librarian defendant Fillipitch is being sued in her individual and personal capacity.

6.    The Defendant, **WILL COUNTY** (At all times referred to as defendant "County" at all relevant times mentioned hereinafter) is a home rule County government organized and existing under the Laws of Illinois. Defendant Will County is the employer of defendant Fillipitch, and, as such is totally liable for the conduct of defendant Fillipitch. Defendant Will County is being sued in its official capacity in Count VI Title 42 U.S.C. Section 1983 *Monell* claim.

4.

7.    When engaged in the conduct complained of, defendant Fillipitch was acting "Under the Color of" the rules, regulations, policies, procedures, customs, practices, ordinances, and statutes Of the Municipality of Joliet, Will County and Illinois State.

## FACTS COMMON TO ALL COUNTS

### DECLARATION OF ROBERT IUFFUES JR. OF THE WEBB FAMILY PURSUANT TO TITLE 28 U.S.C. SECTION 1746

8.    I, Robert Iuffues Jr. of the Webb Family, declare if called upon could competently testify to the following facts from my own personal knowledge.

9.    I am the Registered Agent and one of the several Incorporators of the not-for-profit public interest corporation known as the Steering Committee for the Pan-African Alliance/ Collective (SCPAAC) which has been registered with the Business Division of the Office of the Illinois Secretary of State since the year 2013 (A true and accurate copy of the SCPAAC's incorporation documents are attached hereto and made part of this verified complaint labeled "Exhibit 1").

10.    The purpose of the SCPAAC, among other things, is to assist interested and concerned black american negro citizens in their individual efforts to develop their knowledge and skills for enabling them to become competent legal researchers and drafters of legal documents to properly access the courts as self-represented civil litigants, and dating back to the year 1998 we have used the Will County Courthouse Law Library as our primary worksite while it was under the Law Librarianship of Jean Warner (A true and accurate copy of Some Aspects About The SCPAAC is attached hereto and made part of this verified complaint, labeled "Exhibit 2").

11.    During the month of January 2017. I personally handed defendant Fillipitch a copy of a two sided flyer describing the type of assistance available to the general public by the SCPAAC, and requested of her to post the flyer in a noticeable location in the Law Library for public awareness purposes (A true and accurate copy of the two sided flyer is attached hereto and made part of this verified complaint, labeled "Exhibit 3").

5.

12.     On or about the 23rd day of September, 2018, I received correspondence from Scott A. Kozlov, Senior Counsel of the Illinois Attorney Registration and Disciplinary Commission dated September 21, 2018, which indicated that on the 12th day of September 2018 that it was reported to the Commission alleging that I was engaging in the unauthorized practice of law. In addition to the failure on the part of the correspondence to identify the name of the particular individual having had made the (false) report. The correspondence instructed me to send the ARDC a letter within fourteen days setting forth the material facts relating to the allegation that I had been offering legal services to others in Will County. Scott A. Kozlov's correspondence was accompanied by a flyer detailing the type of help provided by the SCPAAC. (A true and accurate copy of Scott A. Kozlov's correspondence of September 21, 2018, and the attached flyer are made part of this verified complaint, labeled "Exhibit 4").

13.     Suspecting defendant Fillipitch as the individual who had made the false report to the ARDC. I submitted a written complaint to Will County Court Administrator, Roger Holland, requesting an investigation into the matter and requested that he preserve the video tape recording from the Law Library on the 12th day of September, 2018, and the video tapes for the Courthouse grounds for the 12th day of September, 2018, and I submitted a verbal complaint to the secretary for the Will County Chief Judge, Richard C. Schoenstedt.

14.     On or about the 3rd day of October, 2018, acting in compliance with ARDC's Senior Counsel, Scott A. Kozlov's September 21, 2018 issued directive. I submitted a written statement addressing the issues raised in his correspondence dated September 21, 2018. (a true and accurate copy of the October 3, 2018 dated correspondence to Scott A. Kozlov is attached hereto and made part of this verified complaint, labeled "Exhibit 5").

15.     I recall that sometime during the early part of September, 2019, while I was sitting at the computer terminal located in the Will County Courthouse Law Library engaging in legal research. Sargent Laib, Sargent in Charge of Courthouse Security approached me indicating that he had a issued subpoena to serve upon me. The information on the subpoena summons me to appear at the ADRC Chicago Office on September 25, 2019, to undergo deposition questioning.

16. The Will County Courthouse Law Library represent one of several public facilities where I regularly exercise my rights under the Citizens Participation Acts, by way of the legal research wing of the Steering Committee for the Pan-African Alliance/Collective (SCPAAC), Inc., dating back to the year 2003.

17. On or about the 25th day of September, 2019, pursuant to the subpoena served upon me at the Will County Courthouse Law Library by Sargent Laib, Sargent in Charge of Courthouse Security. I appeared at the ARDC Chicago Office. Upon checking in I subsequently spoke with one of the ARDC personnel, and I requested to be afforded with a copy of the investigation file in order to review any type of documentation provided to the ADRC in reference to the ARDC's Senior Counsel, Scott A. Kozlov's correspondence to me dated September 21, 2018.

18. I recall that the ARDC personnel provided me with a portion of the investigation file which consisted of (1) Request for Investigation from defendant Fillipitch and narrative, (2) A copy of Case No. 16 AR 0637 complaint document in the matter of Robert Iuffues Webb II vs. Janice Holmes, (3) A copy of the front side of the SCPAAC's Flyer disclosing the type of help which the SCPAAC provides, and (4) A copy of my October 3, 2018 submitted correspondence ARDC Senior Counsel, Scott A. Kozlov. All of the investigation file documents, with the exception of my October 3, 2018 correspondence had a fax date 09 – 12- 2018:02:27PM: had a fax number 8157278785 attached at the top of each page 1 – 10. (True and accurate copies of a portion of the ARDC investigation file is attached hereto and made part of this verified complaint, labeled "Exhibit 6").

19. It was not until the 25th day of September, 2018 that I became personally knowledgeable about defendant Fillipitch being the individual who had submitted the report to ARDC Senior Counsel, Scott A. Kozlov, alleging that she along with other Law Library personnel had

7.

personally observed me engaging in the authorized practice of law in the Will County Court-house Law Library, on the 12th day of September, 2018.

20.    That at no time prior to September 12, 2018, and at no time on September 12, 2018, and at no time after September 12, 2018 had I ever engaged in any of the acts alleged in defendant Fillipitch's September 12, 2018 typed and signed narrative submitted in conjunction with her September 12, 2018 faxed Request For Investigation to the ARDC (*See* "Exhibit 6" page 3 attached hereto).

21.    After my thorough review of all of the documents in the portion of the ARDC investigation file. I requested of the ARDC personnel to inform Senior Counsel Scott A. Kozlov that I required a thirty (30) day extension of time or until the 25th day of October, 2019, to adequately prepare my defense before submitting to deposition testimony.

22.    The requested thirty (30) day extension of time was granted by ARDC Senior Counsel, Scott A. Kozlov, and the deposition testimony proceeding was re-scheduled for the 25th day of October, 2019.

23.    I recall that during the 3 ½ hours of deposition questioning of me by ARDC Senior Counsel, Scott A. Kozlov, on the 25th day of October, 2019. I clearly debunked each and every (false) allegation set forth in defendant Fillipitch's September 12, 2018 typed and signed narrative, and demonstrated by pointing to the documentation submitted by defendant Fillipitch, and the lack of the submission of any authenticated documentary evidence – e.g. video tape recording from the Law Library – that defendant Fillipitch had abused the proper use of the ARDC proceedings and had submitted fraudulent and misleading statements to the ARDC.

24.    I recall that after I concluded my closing statements I requested of ARDC Senior Counsel, Scott A. Kozlov, to dismiss defendant Fillipitch's Request for Investigation pursuant to the

Illinois Citizen Participation Act (735 ILCE 110/5), and he, Scott A. Kozlov, verbally indicated that the investigation was being dismissed due to lack of substantial evidence to pursue any further action.

25. There did not exist any probable cause or any other lawful justification for defendant Fillipitch to fax submit her typed and signed Request for Investigation to the Illinois Attorney Registration and Disciplinary Commission falsely accusing me of having had been engaged in the unauthorized practice of law inside of the Law Library of the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois.

26. Defendant Fillipitch has never attempted to fax submit a typed and signed Request for Investigation to the Illinois Attorney Registration Disciplinary Commission against any white citizen accusing either him or her of having had been engaged in the unauthorized practice of law inside of the Law Library of the Circuit Court of the Twelfth Judicial Circuit, Will County, in the manner in which she did against plaintiff Webb.

27. The discriminatory complained of committed by defendant Fillipitch toward me was motivated by racial animus, and was done carelessly, recklessly, maliciously, intentionally and with gross disregard, disrespect and dishonor toward my right to further engage in the form of voluntary public service work via my State registered not-for-profit corporation – Steering Committee for the Pan-African Alliance/Collective (SCPAAC) Inc., at the Law Library of the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, beneficial to my fellow black American negro (colored) community members seeking to learn how to effectively and efficiently engage in civil litigation as self-reliant and independent self-represented litigants.

28. I. Robert Iuffues Jr. of the Webb Family declare under penalty of perjury under the Laws of the United States of America that the statements above are true and accurate.

9.

29. I, Robert Iuffues Jr. of the Webb Family further declare under penalty of perjury under the Laws of the United States of America that the documents attached to this complaint cited as "Exhibits 1 – 6" are actual copies of the documents which they purport to be, and they are part of the daily business records maintained by the Illinois Attorney registration and Disciplinary Commission (Chicago Office) located at 130 East Randolph Street, Suite 1500, in the Municipality of Chicago, Illinois 60601-6219.

FURTHER DECLARANT SAITH NOT:

Executed: 9/23/20 _____

_____
Declarant

## STATEMENT OF CLAIMS

### COUNT I
### Title 42 U.S.C. Section 1981 – Discrimination Against the Full and Equal Benefit of The Illinois Citizen Participation Act (735 ILCS 110/5) Violation Claim

30. Plaintiff Webb repeats and realleges paragraphs 1 – 29 as though fully set forth herein as paragraphs 1 – 29 and made paragraph 30 of Count I of this verified complaint.

31. The conduct on the part of defendant Fillipitch, as described above, discriminated against plaintiff Webb being afforded with the full and equal benefit to exercise his rights guaranteed to him under the Illinois Citizens Participation Act (735 ILCS 110/5), in that she engaged in fictional communication with the Illinois Attorney Registration and Disciplinary Commission and knowingly and willfully submitted a written and signed Request for Investigation containing materially false, fictitious and fraudulent representations structured to discriminate against plaintiff Webb's effort to engage in his voluntary public service via the SCPAAC Research

10.

Study Group, Inc.'s legal research and legal studies program conducted at the Law Library of the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, and, as such is tantamount to a violation of 735 ILCS 110/5, and is tantamount to a violation of his rights under the full and equal benefit of all laws enumerated activity of Title 42 U.S.C. Section 1981(a).

32. That as a direct and proximate result of defendant Fillipitch's discriminatory conduct toward plaintiff Webb exercising his right to the full and equal benefit of the Illinois Citizen Participation Act (735 ILCE 100/5). Plaintiff Webb was injured in that he suffered being falsely accused of having had committed the offense of the unauthorized practice of law, and he suffered being subject to an unwarranted investigation by the Illinois Attorney Registration and Disciplinary Commission (Chicago Office), and he suffered an extensive disruption in his voluntary public service work to provide assistance to his fellow black American negro (colored) community members seeking to learn how to engage in legal research and legal document drafting at the Law Library of the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, in order to properly access the courts as self-represented civil litigants, and he suffered great mental anguish, and great pain of mind, and worriment of mind of potentially being subject to quasi-criminal prosecution proceedings by the Illinois Attorney Registration and Disciplinary Commission (Chicago Office), and he suffered a diminishing in his public reputation and character within the rightthinking minds among various personnel employed at the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, and he suffered being discriminated against being afforded to exercise the full and equal benefit of the Illinois Citizens Participation Act, as accorded to similarly situated white citizens, and his rights under Title 42 U.S.C. Section 1981(a) were violated, as described above, all to his damage, for which defendant Fillipitch should be held tortuously liable.

*WHEREFORE,* plaintiff Webb demands judgment against defendant **FILLIPITCH**, individually, in Compensatory damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00), Discretionary damages in the sum of **TWENTY-FIVE THOU-SAND DOLLARS** ($25,000.00), General damages in the sum of **TWENTY-FIVE THOU-SAND DOLLARS** ($25,000.00), and Proximate damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00). Plaintiff Webb further demand judgment against defendant **FILLIPITCH**, individually, for Punitive damages in the sum of **SEVENTY-FIVE THOUSAND DOLLARS** ($75,000.00), plus the cost of this action, and any additional and further relief as this Court deems fair, just, and equitable.

## COUNT II

### ABUSE OF PROCESS- STATE LAW VIOLATION CLAIM

33.    Plaintiff Webb repeats and realleges paragraphs 1 – 5 & 8 – 29 as though fully set forth as paragraphs 1- 5 & 8 – 29 and made paragraph 33 of Count II of this verified complaint.

34.    The vindictive fictional communication initiated through the fax filing Request For Investigation containing fraudulent and misleading statements submitted to the Illinois Attorney Registration and Disciplinary Commission (Chicago Office) by defendant Fillipitch, as described above, represent the existence of an ulterior motive to use the regular process of Article II. Investigations By The Administrator, Rules 51 & 52 of the Illinois Attorney Registration and Disciplinary Commission for the improper purpose to discriminate against, interfere with, and permanently disrupt plaintiff Webb's ongoing efforts to engage in voluntary public service activities via the Steering Committee for the Pan-African Alliance/Collective, in the Law Library of the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, pursuant to his rights guaranteed to him under the Illinois Citizen Participation Act (735 ILCS 110/5), and to subject plaintiff Webb to the Illinois Attorney registration And Disciplinary quasi-judicial proceedings under Article III and Article IV, for which there did not exist any probable cause or any other lawful justification

12.

35.     That as a direct and proximate result of defendant Fillipitch's abuse of the regular  process of Article II. Investigation By The  Administrator, Rule 51 & 52 of the Illinois Attorney Regis-tration and Disciplinary Commission. Plaintiff Webb was injured including being publicly embarrassed by being served by Will County Courthouse Chief of Building Security, Sargent Laid, with a subpoena to appear for deposition testimony while he was engaging in his voluntary public service activities in the Law Library of the Circuit Court of the Twelfth Judicial Circuit, and he suffered having to involuntarily subject himself to a 3 ½ hour long deposition testimony examination conducted by ARDC Senior Counsel, Scott A. Kozlov, and he suffered great anguish and pain of mind, and he suffered worriment of mind of being subject to ARDC quasi-judicial proceedings, and he suffered temporary access usage of the Will county Courthouse Law Library for carrying out his voluntary public service activities, and he suffer a severe trespass upon his pursuit of happiness and enjoyment of life, as described above, all to his damage, for which defendant Fillipitch should be tortuously liable.

**WHEREFORE,** Plaintiff Robert Iuffues Jr. of the Webb family demand judgment against defendant **JEANE M. FILLIPITCH**, individually, for Compensatory damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00), Discretionary damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00), General damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00), and Proximate damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00). Plaintiff Webb further demand judgment against defendant **JEANE M. FILLIPITCH,** individually, for Punitive damages in the sum of **SEVENTY-FIVE THOUSAND DOLLARS** ($75,000.00), plus the cost of this action, and any further and additional relief as this Court deems fair, just and equitable.

## COUNT III

## DEFAMATION OF CHARACTER PER SE – STATE LAW VIOLATION CLAIM|

36. Plaintiff Webb repeats and realleges paragraphs 1 – 5, 8, 12 – 19 & 24 -29, as though fully set forth herein as paragraphs 1 – 5, 8, 12 – 19, & 24 – 29 and made paragraph 36 of Count III of this verified complaint.

37.    At the time of the commission by defendant Fillipitch of the grievance mentioned above and for a long time before then plaintiff Webb was a person of good name, fame, and reputation; and was deservedly held in high esteem by and among his acquaintances, as well as the general public, and various personnel either employed at or working through the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois.

38.    On or about September 12, 2018, defendant Fillipitch wrongfully composed and signed a ARDC Request for Investigation Narrative. It contained fraudulent, misleading and defamatory matter concerning plaintiff Webb, namely false accusing plaintiff Webb of committing the un-authorized practice of law in violation of Supreme Court Rule 779 and the Attorney Act, 705 ILCS 205/1 et seq., while in the Law Library of the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois. (*See* Exhibit 6, pgs. 1 – 3, attached hereto)

39.    Defendant Fillipitch then and there maliciously and wrongfully caused the false and defamatory Request for Investigation and narrative to be faxed transmitted to ARDC Senior Counsel, Scott A. Kozlov at the Illinois Attorney Registration and Disciplinary Commission (Chicago Office).

40.    The statements in the Request for Investigation Narrative (*See* Exhibit 6, p. 3, attached hereto) were and are wholly false. By reason of the fax transmission of them to ARDC Senior Counsel, Scott A. Kozlov, plaintiff Webb was greatly injured in his reputation as a voluntary public service activist, and he was wrongfully subject to ARDC investigative proceedings, which he otherwise would not have had to be subject to.

14.

*WHEREFORE,* Plaintiff Robert Iuffues Jr. of the Webb Family demand judgment against defendant **JEANE M. FILLIPITCH**, individually, for Compensatory damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00), Discretionary damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00), General damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00), and Proximate damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00), and further seek judgment against defendant **JEANE M. FILLIPITCH**, individually, for Punitive damages in the sum of **SEVENTY-FIVE THOUSAND DOLLARS** ($75,000.00), plus the cost of the action and any further and additional damages which this court deems fair, just and equitable.

## COUNT IV

## ILLINOIS CONSTITUTION ARTICLE I. SECTION 2 – EQUAL PROTECT OF THE LAW VIOLATION CLAIM

41. Plaintiff Webb repeats and realleges paragraphs 1 – 5, 8 – 29 of this verified complaint, as though full set forth herein as paragraphs 1 – 5 & 8 – 29 and made paragraph 41 of Count IV of this verified complaint.

42. The conduct complained of on the part of defendant Fillipitch, as described above, violated plaintiff Webb's right not to be arbitrarily and capriciously subject to communication that portray criminality, or lack of virtue in his voluntary public service activities as guaranteed to him under Article I. Bill of Rights, Section 20 Individual Dignity of the Illinois Constitution, as well as not to be selectively discriminated against exercising his rights guaranteed to him under the Illinois Citizens Participation act (735 ILCS 110/5), by way of the Equal Protection of the Law clause of Article I. Section 2 of the Illinois, Constitution, and, as such, is tantamount to

15.

a violation of Article I. Section 2 of the Illinois Constitution.

43.     That as a direct and proximate result of the violations, as described above. Plaintiff Webb was injured in that he suffered being subject to a false Request For Investigation complaint fax filed directly with the Administrator of the Illinois Attorney Registration and Disciplinary Commission against him alleging that he had committed the offense of the unauthorized practice of Law while in the Law Library of the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, and he suffered the humiliation of being publicly served with a subpoena to appear at a deposition testimony proceeding by the Chief of Courthouse Security for the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, and he suffered being subject to unwarranted investigation proceeding before the Illinois Attorney Registration and Disciplinary Commission, and he suffered great mental anguish and pain of mind, and he suffered the loss of time away from his voluntary public service activities, and he suffered a trespass upon his state citizenship rights under the Illinois Citizen Participation Act (735 ILCS 110/5), and he suffered a trespass of his right to Individual Dignity, and he suffered a tarnishing of his public reputation and character, and he suffered an interference with his life's pursuit of happiness, and he suffered being wounded in his individual dignity, and he suffered a trespass of his rights guaranteed under the equal protection of the law clause of Article I. Section 2 of the Illinois Constitution, as described above, all to his damage, for which defendant Fillipitch should be held tortuously liable.

**WHEREFORE,** the Self-Represented Plaintiff, Robert Iuffues Jr. of Webb Family demand judgment against defendant **JEANE M. FILLIPITCH**, individually, in Compensatory damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS**, ($25,000.00), Discretionary damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00), General damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00), Proximate damages in the sum of **TWENTY-FIVE THOUSAND DOLLARS** ($25,000.00), and seeks

16.

further judgment against defendant **JEANE M. FILLIPITCH**, individually, for Punitive

damages in the sum of **SEVENTY-FIVE THOUSAND DOLLARS** ($75,000.00), plus the cost

of this action, and any further and additional relief as this court deems fair, just and equitable.

## COUNT V

### TITLE 42 U.S.C. SECTION 1983 DEPRIVATION OF RIGHTS
### FOURTEENTH AMENDMENT VIOLATION CLAIM

44.    Plaintiff Webb repeats and realleges paragraphs 1 – 5, 7 – 29 of this verified complaint as

though fully set forth herein as paragraphs 1- 5 & 7 – 29 and made paragraph 44 of Count V of

this verified complaint.

45.    As detailed above, the conduct complained of defendant Fillipitch violated plaintiff

Webb's right to not be subject to the discriminative singling out of him for being subject to

arbitrary and capricious investigative proceedings by the Administrator of the Illinois Attorney

Registration and Disciplinary Commission for exercising his state citizenship rights guaranteed

to him under the Illinois Citizens Participation Act (735 ILCS 110/5), as guaranteed to him under

the Equal Protection of the Law clause of the Fourteenth Amendment of the Constitution for the

United States of America, and as such, in tantamount to a violation of Title 42 U.S.C. Section

1983 and the Fourteenth Amendment of the United States of America.

46.    That as a direct and proximate result of the deprivation of rights as detailed above. Plaintiff

Webb was injured in that he suffered being a victim of fictional communication containing

fraudulent and misleading statements accusing him of engaging in the unauthorized practice of

law, and he suffered being subject to the commencing of investigation proceedings by the

administrator of the Illinois Attorney Registration and Disciplinary Commission (Chicago

17.

Office), and he suffered being stalked by a ARDC investigator for being served with a subpoena to appear for a deposition testimony proceeding at the Illinois Office of the Attorney registration and Disciplinary Commission (Chicago Office), and he suffered the public humiliation of being served with a subpoena by the Chief of Security for the Circuit Court of the Circuit Court of the Twelfth Judicial Circuit, Will County Illinois, while being in the Law Library performing his voluntary public service activities for the Steering Committee for the Pan-African Alliance/ Collective (SCPAAC), and he suffered great mental anguish and pain of mind, and he suffered a disruption in the pursuit of his happiness, and he suffered a trespass upon his state citizenship rights guaranteed to him under the Illinois Citizens Participation Act (735 ILCS 110/5), and he suffered a diminishing in the creditability and respectability within the rightthinking minds of various personnel employed at the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, and he suffered a deprivation of his rights under the equal protection of the laws under the Fourteenth Amendment and Title 42 U.S.C. Section 1983, as detailed above, all to his damages, for which defendant Fillipitch should be tortuously held liable.

*WHEREFORE,* Plaintiff Robert Iuffues Jr. of the Webb Family demands judgment against defendant **JEANE M. FILLIPITCH**, individually for Compensatory damages in the sum of **FIFTY THOUSAND DOLLARS** ($50,000.00), Discretionary damages in the sum of **FIFTY-THOUSAND DOLLARS** ($50,000.00), General damages in the sum of **FIFTY-THOUSAND DOLLARS** ($50,000.00), Proximate damages in the sum of **FIFTY-THOUSAND DOLLARS** ($50,000.00), and further demand judgment against defendant **JEANE M. FILLIPITCH**, individually, for Punitive damages in the sum of **ONE HUNDRED FIFTY THOUSAND**

18.

DOLLARS ($150,000.00), plus the cost of this action, and any further and additional relief as this Court deems fair, just and equitable.

## COUNT VI

### TITLE 42 U.S.C. SECTION 1983- MONELL VIOLATION CLAIM – FAILURE TO PROPERLY SUPERVISE, CONTROL AND DISCIPLINE (DEFENDANT WILL COUNTY)

47.   Plaintiff Webb repeats and realleges paragraphs 1 – 29 of this verified complaint as though fully set forth herein as paragraphs 1- 29 and made paragraph 47 of this verified complaint.

48.   The conduct complained of on the part of defendant Jeane M. Fillipitch was only made possible due to the failure on the part of defendant Will County (in the person of Court Administrator, Roger Holland) to properly supervise, control and discipline defendant Jeane M. Fillipitch who used her official position as the Law Library's Librarian to engage in fictional communication with the Office of the Administrator of the Illinois Attorney Registration and Disciplinary Commission (Chicago Office) against plaintiff Webb.

49.   These failure include (1) failure to act and follow upon plaintiff Webb's submitted written complaint against defendant Fillipitch's actions of September 12, 2018, thereby creating the atmosphere for defendant Filliptch to think and believe that it was acceptable for her to abuse the proper use of her official position to discriminate against certain State registered public service corporations (In this case, the Steering Committee for the Pan-African Alliance/ Collective, (SCPAAC)) accessing the available use of Law Library Books, technical equipment and supplies to fulfill its purpose and objective; (2) Failure to investigate defendant Fillipitch's fictional communication with the administrator of the Illinois Office of the Attorney Registration

19.

and Disciplinary Commission, thereby affording defendant Filliptch with encouragement to and moral support to misuse the proper use of her official position and Law Library equipment to engage in fictional communication against a State registered nor-for-profit corporation's personnel (in this case, plaintiff Webb) to destroy his public reputation and character, and to diminish the respectability and creditability of his voluntary public service activities designed to assist his fellow black American negro (colored ) community members in their individual efforts to properly access the courts as self-represented litigants, whose legal self-help program was plagiarized by the Circuit Court of the Twelfth Judicial Circuit's hosted Illinois Justice Corporation's student interns; and (3) Failure to take any disciplinary action against defendant Fillipitch after the disposing of her fictional communication directly fax filed with the Office of the Administrator in favor of plaintiff Webb for lack of sufficient evidence to support defendant Filliptch's (False) Request for Investigation against plaintiff Webb, thereby demonstrating that defendant Will County is not bound as a matter of Law to respect, support, uphold and defendant plaintiff Webb's State citizenship rights guaranteed to him under the Illinois Citizen Participation Act, and his State citizenship rights guaranteed to him under Article I Bill of Rights, Section 20 Individual Dignity of the Illinois Constitution.

50.    That as a direct and proximate result of one or more of defendant Will County's negligent acts set forth above. Plaintiff Webb was injured and he suffered a severe trespass upon his individual pursuit of happiness, and he suffered a major set back in establishing mass public awareness of and participation in the legal self-help services provided by his State registered not-for-profit public service corporation, and he suffered access usage of a public facility through which he could provide his voluntary public service activities to his fellow black American negro (colored) community members, and he suffered having the creditability and respectability of his public reputation greatly diminished within the rightthing minds of various personnel working at the Circuit Court of the Twelfth Judicial Circuit, Will County, and he suffered great mental

20.

anguish and pain of mind, all to his damage, as detailed above, for which defendant Will County should be held tortuously liable.

**WHEREFORE,** the Plaintiff, Robert Iuffues Jr. of the Webb Family demands judgment against defendant **WILL COUNTY**, for Compensatory damages in the sum of **TWO HUND-RED THOUSAND DOLLARS** ($200,000.00), as well as being provided with a designated location in the Will County Courthouse for exclusive usage by the Steering Committee for the Pan-African Alliance/Collective to conduct its volunteer Legal Self-Help Program to include the ongoing provision of technical equipment, supplies comparable to the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois hosted Illinois Justice Corporation, plus the cost of this action, and any further and additional relief as this Court deems fair, just and equitable.

## JURY TRIAL DEMANDED

51.    Plaintiff Webb request a petit jury trial on all triable issues in this matter.

## RESERVATION OF RIGHTS

52.    Plaintiff Webb reserve the right to amend this verified complaint to add additional defendants and additional claims if his further investigation so merit.

Respectfully submitted

By _____

Robert Iuffues Jr. of the Webb Family
Self-Represented Plaintiff

:Robert – Iuffues Jr. :Webb
In care of 1209 Fuller Avenue
Municipality of Joliet/Will County
Republic of Illinois  [60432]
(815) 557-0698

21.

# EXHIBIT

# 1

Article 6.                    **NAMES & ADDRESSES OF INCORPORATORS**

The undersigned incorporator(s) hereby declare(s), under penalties of perjury, that the statements made in the foregoing Articles of Incorporation are true.

Dated _____ , _____

        (Month & Day)         (Year)

| SIGNATURES AND NAMES | POST OFFICE ADDRESS |
|---|---|
| 1. *Richard Iuffues Webb II* (Signature) | 1. 215 South Sherman Street (Street) |
| Robert Iuffues Webb II (Name please print) | Joliet Illinois 60433 (City/Town State ZIP) |
| 2. *Stephen M Webb* (Signature) | 2. 827 E seminary (Street) |
| Stephen M Webb (Name please print) | Hoopeston IL 60942 (City/Town State ZIP) |
| 3. *Cleveland Myers* (Signature) | 3. Joliet IL 60433 (Street) |
| Cleveland Myers (Name please print) | 1022 S. Richards St (City/Town State ZIP) |
| 4. *Garfield Phillips* (Signature) | 4. 361 Union St (Street) |
| Garfield Phillips (Name please print) | Joliet IL 60433 (City/Town State ZIP) |
| 5. *Deonna Dougherty* (Signature) | 5. 407 Onieda St. apt. 2 (Street) |
| Deonna Dougherty (Name please print) | Joliet IL 60435 (City/Town State ZIP) |

*(Signatures must be in **BLACK INK** on original document. Carbon copied, photocopied or rubber stamped signatures may only be used on the true copy.)*

- If a corporation acts as incorporator, the name of the corporation and the state of incorporation shall be shown and the execution shall be by its President or Vice-President and verified by him, and attested by its Secretary or an Assistant Secretary.
- The registered agent cannot be the corporation itself.
- The registered agent may be an individual, resident in this State, or a domestic or foreign corporation, authorized to act as a registered agent.
- The registered office may be, but need not be, the same as its principal office.
- A corporation which is to function as a club, as defined in Section 1-3.24 of the "Liquor Control Act" of 1934, must insert in its purpose clause a statement that it will comply with the State and local laws and ordinances relating to alcoholic liquors.

**FOR INSERTS – USE WHITE PAPER – SIZE 8 1/2 x 11**

File No. _____

FORM NFP-102.10
ARTICLES OF INCORPORATION
under the
GENERAL NOT FOR PROFIT
CORPORATION ACT
of

SECRETARY OF STATE
DEPARTMENT OF BUSINESS SERVICES
CORPORATION DIVISION
SPRINGFIELD, ILLINOIS 62756
TELEPHONE (217) 782-6961

(These Articles Must Be Executed and Filed in Duplicate)

Filing Fee $50

C-157.12

**NFP-102.10**
(Rev. Jan. 1999)

http://www.sos.state.il.us

**ARTICLES OF INCORPORATION**

**SUBMIT IN DUPLICATE**

Payment must be made by certified check, cashier's check, Illinois attorney's check, Illinois C.P.A.'s check or money order, payable to "Secretary of State."

**DO NOT SEND CASH!**

(Do Not Write in This Space)

Date

Filing Fee     $50

Approved

TO:   JESSE WHITE, Secretary of State

Pursuant to the provisions of "The General Not For Profit Corporation Act of 1986," the undersigned incorporator(s) hereby adopt the following Articles of Incorporation.

**Article 1.**   The name of the corporation is: Steering Committee for the Pan-African Alliance/Collective

**Article 2.**   The name and address of the initial registered agent and registered office are:

Registered Agent  Robert Iuffues Webb
                  First Name          Middle Name          Last Name

Registered Office  215 South Sherman Street
                   Number    Street                        (Do not use P.O. Box)

                   Joliet          IL    60433        Will
                   City            ZIP Code           County

**Article 3.**   The first Board of Directors shall be ___5___ in number, their names and residential addresses being as follows: (Not less than three)

| Director's Names | Number | Street | Address City | State |
|---|---|---|---|---|
| Robert Roet | 418 Connor Ave | Lockport Ill | 60441 |
| Eddie Robinson | 524 Elmwood Ave | Joliet Il. | 60433 |
| Terry Dyson | 3738 West 139th Pl | Robbins Il | 60472 |
| Isaac Love | 1860 Asbury | crar Joliet Il | 60435 |
| Andre Lui | 104 5th Apt | Joliet Il | 60433 |

**Article 4.**   The purposes for which the corporation is organized are:

The purpose of the Steering Committee for the Pan-African Alliance/Collective (SCPAAC) is to engage in agricultural, charitable, civic, cultural, educational, environmental, humanitarian, literary, recreational, scientific research and social activities designed to bring all people claiming African Ancestry/Descent into closer social contact to promote the preservation of the African contribution toward the economic, intellectual, social and spiritual growth and development of Atlantic Civilization, in general, and American Society, in particular.

Is this corporation a Condominium Association as established under the Condominium Property Act?
☐ Yes   ☒ No   (Check one)

Is this corporation a Cooperative Housing Corporation as defined in Section 216 of the Internal Revenue Code of 1954?   ☐ Yes   ☒ No   (Check one)

Is this a Homeowner's Association which administers a common-interest community as defined in subsection (c) of Section 9-102 of the code of Civil Procedure?   ☐ Yes   ☒ No

**Article 5.**   Other provisions (please use separate page):

FORM **NFP 112.45/113.60** (rev. Dec. 2003)
**APPLICATION FOR REINSTATEMENT**
**DOMESTIC/FOREIGN CORPORATIONS**
General Not For Profit Corporation Act

Secretary of State
Department of Business Services
501 S. Second St., Rm. 350
Springfield, IL 62756
217-782-5797
217-785-5782
www.cyberdriveillinois.com

**FILED**

MAR 2 7 2019

JESSE WHITE
SECRETARY OF STATE

Remit payment in the form of a cashier's check,
certified check, money order or an Illinois
attorney's or CPA's check payable to Secretary
of State. DO NOT SEND CASH.

File # 6924-502-1     **Filing Fee: $25**    Approved: _1C_

———— Submit in duplicate ———— Type or Print clearly in black ink ———— Do not write above this line ————

1. a. Corporate Name as of date of issuance of Certificate of Dissolution or Revocation:
   _Steering Committee for the Pan-African Alliance/Collective_

   b. Corporate Name if changed **(See Note 2 on back.)**: _____

   c. If a foreign corporation having authority to conduct affairs under an assumed corporate name restriction, the
   Assumed Corporate Name **(See Note 3 on back.)**: _____

2. State of Incorporation: _Illinois_

3. Date Certificate of Dissolution or Revocation was issued: ~~12-11-13~~ _5-11-18_

4. Name and Address of Registered Agent and Illinois Registered Office upon reinstatement:

   Registered Agent: _Robert_    _Iuffies_    _Webb_
          First Name       Middle Name       Last Name

   Registered Office: _1209_   _Fuller Avenue_
         Number       Street       Suite # (P.O. Box alone is unacceptable)

   _Joliet_     _60432_     _Will_
      City       ZIP Code       County

   NOTE: completion of Article 4 does not constitute a registered agent or office change. **(See Note 4 on back.)**

5. This application is accompanied by all delinquent reports together with the filing fees and penalties required. **(See Note 1 on back.)**

6. The undersigned corporation has caused this application to be signed by a duly authorized officer, who affirms, under
   penalties of perjury, that the facts stated herein are true.

   **All signatures must be in BLACK INK.**

   Dated _March 27_, _2019_    _Steering Committee for the Pan-African Alliance/Collective_
        Month   Day       Year       Exact Name of Corporation

   _Robert Iuffies Webb_
   Any Authorized Officer's Signature

   _Robert Iuffies Webb, Registered Agent/Director/VP_
   Name and Title (type or print)

Printed by authority of the State of Illinois. January 2015 — 1 - C 219.13

# EXHIBIT
# 2

## SOME ASPECTS ABOUT THE SCPAAC

Established in 1990 by remnant founders of the 1983 organized Joliet Jr. College Social Science Department's Culture Club - Robert Iuffues Webb II of Joliet and Gary Edward Wesley Jr. of the Village of Bolingbrook – and headquartered in the City of Joliet. The Steering Committee for the Pan-African Alliance/Collective (SCPAAC) is a not-for-profit/incorporated Atlantic Civilization Research Study Group, structured in the main, to promote the preservation of the African productive and economic contribution toward the commerce growth and development of Western Civilization, in general, and American Society, in particular.

The purpose of the SCPAAC is to bring together all people claiming African Origin/African National Ancestry, residing throughout the Will County area community, into closer social contact to discuss ways and means to further develop and implement existing and create additional tactics and strategies to resolve social and political disunity, economic development, interpersonal communication and chemical substance abuse problems stagnating the involvement among Continent Africa and Europe based African, Caribbean Islands based African, and North &South America based African people in local, regional, national and international commerce activities.

The objective of the SCPAAC is to evolve into a public interest law organization with its primary activity being civil litigation specializing in promoting and supporting civil, constitutional, employment and housing rights under the Laws of the United States Codes, and commerce/contractual rights under the Laws of the Uniform Commercial Codes.

The activities of the SCPAAC include but are not limited to hosting cultural awareness activities, economic/political education discussion forums, neighborhood environmental scenery clean-up details, and an assortment of workshops, seminars and symposiums. Operational funding for the SCPAAC's hosted events is solely derived through freewill peace donations.

Participation in the SCPAAC's activities is open to all people claiming African Origin/African National Ancestry irrespective of their individual socio-economic class status, complexion pigmentation, geographic location, spirituality sectarian belief, gender, sexual orientation, fraternity/sorority affiliation, political philosophy, physical handicap, or former involuntary servitude status. Participation in the SCPAAC's activities is equally open to any non-African people whom are genuinely interested in and concerned about ensuring that all community members are afforded an equal opportunity to access available public information and resources for use to improve their life chances and prospects, and are afforded full social, economic, political and legal equality.

Research assistants are available Mon., Wed. & Fri., 9am – 12noon, 4th Floor Law Library, Will County Courthouse 14 West Jefferson Street, Municipality of Joliet, and Tues. & Thur., 9am – 1pm, 16th Floor Law Library, U.S. District Court, 219 South Dearborn Street, 16th Floor, Municipality of Chicago. To register for participation in the Volunteer Work Program call (815) 557-0698, Sunday thru Saturday, 8am to 8pm.

# EXHIBIT
# 3

IF YOU REQUIRE HELP WITH HOW TO
CORRECTLY WRITE, FILE AND SERVE

# VARIOUS COURT MOTION DOCUMENTS

# UNEMPLOYMENT APPEAL DOCUMENTS

# EMPLOYMENT/HOUSING DISCRIMINATION COMPLAINTS

# CIVIL RIGHTS VIOLATION COMPLAINTS

# BREACH OF CONTRACT DOCUMENTS

# APPELLATE AND SUPREME COURT APPEAL BRIEFS

Then,
You Need To Immediately Contact
The
## SCPAAC Research Study Group
## (815) 557-0698

We Will Guide You To Enable You
To Acquire The Result That You Want.

"If Each One Teaches One, Then We Will All Know!"

# EXHIBIT
# 4



**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION**
of the
**SUPREME COURT OF ILLINOIS**
www.iardc.org

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523  (800) 252-8048
Fax (217) 546-3785

Robert Iuffues Webb
215 S. Sherman Street
Joliet, IL 60433

Chicago
September 21, 2018

Re:     Robert Webb
        in relation to
        The Administrator
        No. 2018IN03610

Dear Mr. Webb:

As you know, pursuant to Illinois Supreme Court Rule 779, the Attorney Registration and Disciplinary Commission has the authority to investigate allegations that a person, entity, or association has engaged in the unauthorized practice of law in this State, and if necessary, to pursue court action in connection with such conduct. It has come to the attention of this Commission that you may be soliciting legal work from others in Will County. It is our policy to consider all communications alleging unauthorized practice of law, although our initial inquiries are not intended to lend credence to any allegations they may contain.

On September 12, 2018, it was reported to this Commission that you had been approaching others in the Will County law library and outside of the courthouse, distributing flyers and offering to provide legal assistance in exchange for fees. The records of this Commission still do not reflect that you have been admitted to practice law in Illinois. We are again concerned that you may be engaging in the unauthorized practice of law despite our previous admonishment to you. Under Supreme Court Rule 779 and the Attorney Act, 705 ILCS 205/1 et seq., non-lawyers may not practice law or hold themselves out as being able to practice law. Remedies for violating these statutes and rules include being held in criminal contempt of court, incarceration, fines, injunctive relief, actual damages, and civil penalties. This Commission is authorized to bring court actions to enforce these statutes and rules.

MAINLIB_#1074938_v1

Robert Iuffues Webb
September 21, 2018
Page 2

      To assist us in determining whether any further action by this Commission is warranted, please send us a letter in duplicate within fourteen days setting forth the material facts relating to the allegations that you have been offering legal services to others in Will County. If you have offered to assist or actually assisted others in the law library, please state the individuals' names, addresses, and telephone numbers, and describe the legal assistance that you offered or provided. Additionally, please indicate whether you have distributed the attached flyer in which services are offered to correctly write, file, and serve various legal documents by contacting SCPAAC Research Study Group at (815) 557-0698. If you have had any involvement in the production or distribution of such flyers or the services mentioned therein, describe your involvement in detail.

      As I have informed you in the past, unless you are authorized to do so, you are cautioned to refrain from offering to provide or providing legal advice or services in any manner or form, and from holding yourself out as being able to provide legal advice and/or legal services in this State.

      Thank you for your cooperation.

Very truly yours,

Scott A. Kozlov
Senior Counsel

SAK:dm
Enclosure

IF YOU REQUIRE HELP WITH HOW TO
CORRECTLY WRITE, FILE AND SERVE

# VARIOUS COURT MOTION DOCUMENTS

# UNEMPLOYMENT APPEAL DOCUMENTS

# EMPLOYMENT/HOUSING
# DISCRIMINATION COMPLAINTS

# CIVIL RIGHTS VIOLATION COMPLAINTS

# BREACH OF CONTRACT DOCUMENTS

# APPELLATE AND SUPREME COURT
# APPEAL BRIEFS

Then,
You Need To Immediately Contact
The

## SCP AAC Research Study Group
## (815) 557-0698

We Will Guide You To Enable You
To Acquire The Result That You Want.
"If Each One Teaches One, Then We Will All Know!"

EXHIBIT
5

October 3, A.D, 2018

In care of 215 South Sherman Street
Municipality of Joliet/Will County
Republic of Illinois [60433]
(815) 557-0698
Real Land North America

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the SUPREME COURT OF ILLINOIS
Attn: Scott A. Kozlov, Senior Counsel
One Prudential Plaza
130 East Randolph Drive, Suite 1500
Municipality of Chicago, Illinois 60601-6219

RECEIVED

OCT 09 2018

ATTY REG & DISC COMM
CHICAGO

Re: Robert Webb
in relation to
The Administrator
No. 2018 IN 03610

Shalom, Scott:

Pursuant to your September 21, 2018 dated letter, in the above reference matter, I submit the following response.

The information set forth at page 1, paragraph 2, sentence 1 of your letter, is a lie and the person who made the report is a liar. I have filed a complaint with the Court Administrator of the Circuit Court of the Twelfth Judicial Circuit Will County Illinois against the Law Library's Librarian whom I suspect is the perpetrator of the false report. I have requested that the audio/video tape recordings from the date in question be preserved which demonstrate that the report is a lie, and that the person who made the report is a liar. Also, I have

:request the audio/video tape recordings from the frontyard of the Will County Courthouse be preserved for the time period April, 2018 to October, 2018 which will serve as further evidence that the report is a lie and that the person who made the report is a liar.

Also, as far as the flyer is concerned, that flyer was personally placed in the hands of the Law Library's Librarian during the early spring season of 2017, by me. The interesting things is she, the Law Library Librarian neglected to ~~FAX~~s the backside of that flyer which contained some aspects about the SCPAAC, which is a State of Illinois regsted Not-For-Profit Atlantic Civilization Research Study Group. Rather ironic that the liar neglected to send you that information equally as well.

Also, I like to know what form of action does the ARDC take when a person (In this case, the Will County Courthouse Law Library Librarian) makes a false and misleading report to the ARDC when that person knows or reasonably should know that the report is a LIE?

I patiently await your reply.

Respectfully submitted In Peace & Friendship

:Robert-Jeffries II of the Webb Family
Beneficiary and Authorized Representative
of the Estate of ROBERT IUFFLIES WEBB
Respondent

# EXHIBIT
# 6

09-12-2018;02:27PM;  8157278785;# 1



**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION**
of the
**SUPREME COURT OF ILLINOIS**

# RECEIVED

SEP 1 2 2018

### REQUEST FOR INVESTIGATION

**ATTY. REG. & DISC. COMM.**
**CHICAGO**

Use this form to request an investigation of:
1) an Illinois lawyer;
2) a non-Illinois lawyer who has provided legal services in Illinois; or
3) a non-lawyer who you are claiming has engaged in the unauthorized practice of law in Illinois.

Return the completed form by mail or facsimile to:

**ARDC**
130 E. Randolph Dr., Ste. 1500
Chicago, IL 60601-6219
Phone: (312) 565-2600 or (800) 826-8625
Fax: (312) 565-2320

or

**ARDC**
3161 W. White Oaks Dr., Ste. 301
Springfield, IL 62704
Phone: (217) 546-3523 or (800) 252-8048
Fax: (217) 546-3785

1. Your name: _JEANE M. FILLIPITCH, LAW LIBRARIAN, 12th JUDICIAL CIRCUIT_

Street address: _14 W. JEFFERSON ST._

City: _JOLIET_   State: _IL_   Zip: _60432_

Home phone: _____   Work phone: _815.774.7887_   Cell phone: _815.616.0677_

E-mail address: _jfillipitch @ willcountyillinois.com_

2. Name of lawyer/(person) you want to be investigated: _ROBERT I. WEBB II._

Name of law firm or business: _SCPAAC RESEARCH STUDY GROUP_

Street address: _215 S. SHERMAN ST._

City: _JOLIET_   State: _IL_   Zip: _60433_

Phone: _815.557.0698_

E-mail address: _UNKNOWN_

3. Have you previously contacted the ARDC regarding this matter?   Yes ____   No _X_

If yes, when and how did you contact us? _____

4. Did you employ the lawyer/person you are complaining about:   Yes ____   No _X_

4a. If you answered yes to question 4:

When did the employment start? _____

What was the fee agreement? _____

How much have you paid the lawyer/person to date? _____

*over*

09-12-2018;02:27PM;                                                                    8157278785;#   2

**4b.** If you answered no to question 4 what is your connection to the lawyer/person? _____ _____

MR. WEBB IS A REGULAR PATRON IN THE LAW LIBRARY
WHERE I AM EMPLOYED.

**5.** If your request relates to a court case or other proceeding, please provide the following:

Name of court or agency: TWELFTH JUDICIAL CIRCUIT _____ _____

Name of case: ROBERT IUFFUES WEBB II VS JANICE HOLMES _____

Case number: 16 AR 0637

**6.** Please explain your complaint(s). Include important dates and names of witnesses and others involved. Use additional pages if necessary. Attach copies of documents that support your complaint, such as fee agreements, receipts, checks, letters and court papers.

PLEASE SEE ATTACHED TYPED NARRATIVE.

Signature: _Jene M. Fillipitch_  Date: 9-12-18

09-12-2018;02:27PM;                                               8157278785;#   3

Mr. Webb has been a regular patron of the 12th Judicial Circuit Court law library for a number of years. During that time, I and many others have witnessed him assisting individuals with their court cases by advising them, doing research for them, typing up petitions and other legal pleadings for them, and on at least one occasion, which was witnessed by one of my student interns just outside of the courthouse, accepting payment for his services. (See Case #16AR0637) In addition, outside of the courthouse, he has distributed flyers advertising his services under the name of SCPAAC Research Study Group. (Also included, which was brought to me by Judge Roger Rickmon.)

Today, September 12, 2018, Mr. Webb was here again typing up a petition for a man. I was not able to get specific information on the type of case but I do know it was a petition of some kind. In the 3.5 years I've been employed here, I would guess that Mr. Webb has been observed conducting his business in the library on average at least once a month, with a variety of different "clients".

Witnesses who can attest to this include the following persons:

Diane Brandolino, Assistant Law Librarian, 12th Judicial Circuit Court
Julie McNamara, Administrative Assistant, 12th Judicial Circuit Court
Alfreda Baran, JusticeCorps Fellow, 12th Judicial Circuit Court

I would prefer that my name not be shared with Mr. Webb as he can be quite hostile at times and I would be afraid of retaliation if he knew who the complaint came from.

09-12-2018:02:27PM;                                                    8157278785;#   4

IF YOU REQUIRE HELP WITH HOW TO
CORRECTLY WRITE, FILE AND SERVE

# VARIOUS COURT MOTION DOCUMENTS

# UNEMPLOYMENT APPEAL DOCUMENTS

# EMPLOYMENT/HOUSING DISCRIMINATION COMPLAINTS

# CIVIL RIGHTS VIOLATION COMPLAINTS

# BREACH OF CONTRACT DOCUMENTS

# APPELLATE AND SUPREME COURT APPEAL BRIEFS

Then,
You Need To Immediately Contact
The
## SCPAAC Research Study Group
## (815) 557-0698

We Will Guide You To Enable You
To Acquire The Result That You Want.
"If Each One Teaches One, Then We Will All Know!"

09-12-2018;02:27PM;                                                    8157278785;#  5

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Robert Iuffues Webb II,                    )
215 South Sherman Street                   )
City of Joliet/County of Will              )
State of Illinois  60433                   )
(815) 557-0698                             )       CASE NUMBER
                                           )
                                           )
    *Self-Represented* Plaintiff,       )       16 AR 063
                                           )
                                           )
    -vs-                                 )       AMOUNT IN CONTROVERSY
                                           )       **$19,000.00**
JANICE HOLMES                              )
1856 Ashbury Circle Drive, Apt. # 208B     )
City of Joliet/County of Will              )       TORT CLAIM
State of Illinois  60435                   )
(815) 341-1997                             )
                                           )
    Defendant.                           )

## VERIFIED COMPLAINT

**NOW COMES** the *Self-Represented* Plaintiff, Robert Iuffues Webb II ("Webb") and complains of defendant JANICE HOLMES ("Holmes").

## I.  PRELIMINARY STATEMENT

This is a civil action seeking to recover Compensatory, Consequential, Nominal and Punitive damages against defendant Janice Holmes for Unjust Enrichment and Breach of Implied In Fact Contract, or in the alternative, Breach of Oral Contract.

Plaintiff Webb contend that defendant Janice Holmes breached the implied in fact contract and/or oral contract between us and in that she has failed to fulfill her obligation to compensate me with the agreed upon 10% of all monies obtained through settlement in connection with the Title VII and Title 42 U.S.C. Section 1981(a) claims which was docket in the U.S. District Court N.D. Ill., under Case No. 14 C 3132, and that she has

NOT AN OFFICIAL COPY

                     09/16/16 10:25:47 WCCH

09-12-2018;02:27PM;                                                                    8157278785;# 6

solicited the services of plaintiff Webb and who had entered into a hand shake and verbal agreement with him to provide her with legal research and technical writing assistance in connection with the filing of a Charge of Unlawful Discrimination claim with the U.S. Equal Employment Opportunity Commission and the filing of a Title VII and Title 42 U.S.C. Section 1981(a) claim with the U.S. District Court N.D. Ill.,Case No. 14 C 3 32.

## V.  FACTS COMMON TO ALL COUNTS
### AFFIDAVIT OF ROBERT IUFFUES WEBB

6.    I, Robert Iuffues Webb II, declare if called upon could competently testify to the following facts from my own personal knowledge.

7.    I recall that during the latter part of the year 2013, at the referral of Vincent Smith, defendant Holmes along with one of her former female co-workers came to my home located at 215 South Sherman Street in the City of Joliet, seeking of me to provide them with legal researchand technical writing help with filing a Sexual Harassment Complaint against the former Chief Executive of the Housing Authority of Joliet, Henry Morris.

8.    I recall informing defendant Holmes and her former co-worker that they would first have to file a Charge of Discrimination claim with the U.S. EEOC in Chicago and then after they receive a Notice of Rights and Dismissal letter that they should return to me and I would assist them with their commencement and defense of their Title VII and Title 42 U.S.C. Section 1981 claims in the U.S. District Court.

9.    I recall further informing defendant Holmes and her former co-worker that in order to secure my assistance it would require of them to pay me $150.00 to draft the Title VII complaint document and that I would do all of the research and drafting of all

3.

09/16/16 10:25:47 WCCH

09-12-2018;02:27PM;

8157278785;# 7

14. I recall that upon defendant Holmes delivering to me all of the documents which were initially filed with the U.S. EEOC that she gave me $75.00 of the $150.00 as agreed upon for me to start work on scripting out her Title VII and Title 42 U.S.C. Section 1981(a) complaint document.

15. I recall that prior to the 30th day of April, 2014, defendant Holmes returned to my home during which time I assisted her with completing the additional court-filing documents, and presented her with the completed Title VII and Title 42 U.S.C. Section 1981(a) document, after which she provided me with the $75.00 balance of the $150.00.

16. I recall further informing defendant Holmes that I would accompany her to Chicago, by train, to the U.S. District Courthouse to show her where to go in order to file the documents, and that she would be responsible for paying my roundtrip train fare plus lunch, which she agreed to do.

17. I recall that on the morning of the 30th day of April, 2014, defendant Holmes arrived at my home as previously agreed upon and we journeyed together to the Metra Train Station to catch the 7:17am train to Chicago.

18. I recall that upon arriving at the U.S. District Courthouse at 219 South Dearborn Street in the City of Chicago, I escorted defendant Holmes to the Clerk's Office on the 20th floor and pointed her to the deputy clerk's line for submitting the complaint and filing documents.

19. I recall that after defendant Holmes filed the complaint documents that I escorted her to the various floors and showed her where the District and Magistrate Judge's assigned court rooms and chambers were located, as well as showed her the location of the Law Library, and the U.S. Marshal's Office.

5.

NOT AN OFFICIAL COPY

during which time she informed me that she had hired an attorney and that I should not contact her anymore, and she hung up on me.

25. I recall that while I was at the U.S. District Court during the former part of July, 2016, I went to the Clerk's Office to check on the status of defendant Holmes' lawsuit at which time I discovered that the case was settled on the 27th day of June, 2016.

26. I recall that upon my telephone calling defendant Holmes to inform her about my discovery of the case being settled and reminded her about our verbal and handshake agreement about affording me with 10% of the settlement monies, she refused to answer the telephone, and after I subsequently texted her from my cell phone she responded by stating, "Since you told my sister Doris about my business then I suggest that you consult with her . . . . . . . ."

27. That as of the date of the filing of this complaint, defendant Holmes has not made any effort either to honor or to abide by the terms of our verbal and handshake agreement of affording me with 10% of all monies obtain through settlement of the Title VII and Title 42 U.S.C. Section 1981(a) claims associated with U.S. District Court N.D. Ill., Civil Action No. 14 C 3132.

28. I declare under penalty of perjury under the Laws of the State of Illinois that the above statements are true and correct.

29. I further declare under penalty of perjury under the Laws of the State of Illinois that the documents attached to this verified complaint is an actual copy of the document which it purports to be and is kept as daily business records in the office of the Clerk of the Court for the U.S. District Court located at 219 South Dearborn Street in the City of Chicago, Illinois.

7.

NOT AN OFFICIAL COPY

09-12-2018;02:27PM;

8157278785;# 9

**WHEREFORE**, the *Self-Represented* Plaintiff, Robert Iuffues Webb II ("Webb") demands monetary damages in the amount of ten percent of all monies obtain through settlement of Case No. 14 C 3132 against defendant Holmes for unjust enrichment plus cost of this action, and any other further and additional relief which this Court deems fair, just and equitable.

## COUNT II

### BREACH OF IMPLIED IN FACT CONTRACT OR IN THE ALTERNATIVE, ORAL CONTRACT

36. Plaintiff Webb repeats and realleges paragraphs 1 – 29 of his verified complaint as though fully set forth herein as paragraphs 1 – 29 and made paragraph 36 of Count II of his verified complaint.

37. Defendant Holmes verbally and handshake agreed to pay the sum of 10% of all monies obtain from settlement of the Case No. 14 C 3132 Title VII and Title 42 U.S.C. Section 1981(a) claims against the Housing Authority of Joliet in exchange for plaintiff Webb's legal research and technical writing assistance leading up to settlement.

38. As a result of the parties' verbal and handshake agreement, there arose an implied obligation on the part of defendant Holmes to compensate plaintiff Webb for the amount of time and energy which he contributed toward the legal research and technical writing to commence and defend defendant Holmes' Case No. 14 C 3132 Title VII and Title 42 U.S.C. Section 1981(a) claims against the Housing Authority of Joliet.

39. Despite both the terms of the parties' verbal and handshake contract and the above-mentioned obligation, defendant Holmes failed to honor and fulfill her obligation to plaintiff Webb as agreed in the verbal and handshake agreement and further failed to

9.

09/16/16 10:25:47 WCCH

09-12-2018;02:27PM;                                                                8157278785;# 10

($5,000.00), plus the cost of this action and any other further and additional relief as this

Court deems fair, just and equitable.

Respectfully submitted

By _____

Robert Iuffues Webb II
Self-Represented Plaintiff

Robert Iuffues Webb II
215 South Sherman Street
City of Joliet/County of Will
State of Illinois 60433
(815) 557-0698

10.

NOT AN OFFICIAL COPY

09/16/16 10:25:47 WCCH

**PRIORITY MAIL EXPRESS**
**POSTAGE REQUIRED**

Please Recycle

**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL EXPRESS®**

EJ 024 429 678 US

U.S. POSTAGE PAID
PME 1-Day
JOLIET, IL
60432
SEP 23 20
AMOUNT
**$27.55**
R2305K136875-11

1007   60604

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)    PHONE ( )

:Robert-Iuffues Jr. Webb
In care of 1209 Fuller Avenue
Municipality of Joliet/Will County
Republic of Illinois [60432]

**DELIVERY OPTIONS** (Customer Use Only)
☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)    PHONE ( )

U.S. Dist. Court N.D. Ill
Attn: Clerk of the Court
219 South Dearborn St. 20th Floor
Chicago, Illinois 60604

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

← PEEL FROM THIS CORNER

**PAYMENT BY ACCOUNT** (if applicable)
USPS® Corporate Acct. No.    Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 60432 | 9/24/20 | $ 27.88 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | Insurance Fee | COD Fee |
|---|---|---|---|
| 9/23/20 | | $ | $ |

| Time Accepted ☐ AM ☐ PM | 10:30 AM Delivery Fee | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 4 | $ | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | |

| Weight ☐ Flat Rate | Acceptance Employee Initials | 27.55 |
|---|---|---|
| 2 lbs. 3 ozs. | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
|---|---|---|
| | | |

| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
|---|---|---|
| | | |

LABEL 11-B, MARCH 2019    PSN 7690-02-000-9996

X CALLER

**RECEIVED**

SEP 29 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

📅 GUARANTEED DELIVERY DATE *
🕐 GUARANTEED DELIVERY TIME +
📶 USPS TRACKING™ INCLUDED
$ INSURANCE INCLUDED
🚚 PICKUP AVAILABLE
✒ SIGNATURE INCLUDED UPON REQUEST

**OUR FASTEST SERVICE IN THE U.S.**

* Money Back Guarantee to U.S., select APO/FPO/DPO, and select International destinations. See DMM and IMM at pe.usps.com for complete details.

+ Money Back Guarantee for U.S. destinations only.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13C © U.S. Postal Service; July 2013; All rights reserved.

EP13C July 2013
OD: 11.625 x 15.125

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE



**UNITED STATES POSTAL SERVICE**

PS10000000005

TYVEK® IS RECYCLABLE. ©2003 DUPONT™ AND TYVEK® ARE TRADEMARKS OF DUPONT™

DuPont™ Tyvek®
Protect What's Inside.™

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL