**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT IUFFUES WEBB JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20 C 5828 |
| | ) | |
| JEANE M. FILLIPITCH, sued in her | ) | Judge Charles P. Kocoras |
| Individual and personal capacity as the Law | ) | |
| Librarian for the Circuit Court of the Twelfth | ) | |
| Judicial Circuit, Will County, Illinois; and | ) | |
| WILL COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's Motion Requesting a Decision on Defendants' Pending Motion to Dismiss on Plaintiff's Complaint. For the reasons that follow, the Court grants-in-part Defendants' Motion [13] and denies Plaintiff's Motion [28] as moot.

## STATEMENT

The following facts come from the Verified Complaint and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).

Defendant Jeane Fillipitch is the Law Librarian for the Circuit Court of the Twelfth Judicial District, Will County, Illinois. On September 12, 2018, Fillipitch

submitted a Request for Investigation to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC"), claiming Plaintiff was involved in the unauthorized practice of law. As a result of Fillipitch's Request for Investigation, the ARDC investigated the allegations. The complaint against Plaintiff was ultimately dismissed due to lack of substantial evidence.

Plaintiff filed a six-count Complaint against Fillipitch and Will County. Against Fillipitch, Plaintiff brings various federal civil rights claims under 42 U.S.C. §§ 1981(a) and 1983 (Counts I and V), and several state law claims (Counts II, III, and IV). Against the County, Plaintiff pursues a theory of liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) (Count VI) for failure to properly supervise, control, and discipline. Defendants move to dismiss Plaintiff's Complaint in its entirety, claiming Fillipitch is immune from liability based on Illinois Supreme Court Rule 775 and the Illinois Local Government Tort Immunity Act. Defendants also argue Plaintiff failed to state a *Monell* claim against Will County, and further move to strike Plaintiff's request for punitive damages in his claims against Fillipitch.[1]

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well pled facts in the complaint and draws all

---

[1] In his Response to the Motion to Dismiss, Plaintiff argues defense counsel, Mr. Pyles, lacks "standing to present himself before this court either as the legal representative for [Fillipitch], or as the legal representative for [Will County]." Dkt. # 27, at 6. The Court wholly rejects this argument. The State's Attorney's representation of Defendants is proper. *See* 55 ILCS 5/3-9005(a)(4).

reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

I.    **State Law Claims Against Fillipitch: Counts II, III, and IV**

As an initial matter, Plaintiff is correct in his assertion that dismissal based on an affirmative defense is appropriate only when the pleadings and matters properly subject to judicial notice make clear that a plaintiff's claim is barred as a matter of law. *See Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the

plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6).").

Here, the Court finds it clear that Illinois Supreme Court Rule 775 bars Plaintiff's state law claims against Fillipitch, which are all based on her communications to the ARDC. Rule 775 provides:

> Any person . . . who communicates a complaint concerning an attorney or allegations regarding the unauthorized practice of law to the Attorney Registration and Disciplinary Commission, or its administrators, staff, investigators or any member of its boards, shall be immune from all civil liability which, except for this rule, might result from such communications or complaint. The grant of immunity provided by this rule shall apply only to those communications made by such persons to the Attorney Registration and Disciplinary Commission, its administrators, staff, investigators and members of its boards.

Ill. S. Ct. R. 775 (eff. Dec. 7, 2011).

The Illinois Appellate Court for the Second District held that Rule 775 provides an absolute privilege for any statement made to the ARDC in a complaint regarding the unauthorized practice of law. *See Casamento v. Berendt*, 2018 IL App (2d) 180086, ¶ 8. This was apparent from the use of the phrase "shall be immune from all civil liability" in describing what type of immunity one has when filing a complaint with the ARDC regarding the unauthorized practice of law. *Id*. "By using such broad language, it is apparent that the supreme court did not intend that certain statements made to the ARDC would be privileged but others would not." *Id*. Thus, Plaintiff's state law claims against Fillipitch (Counts II, III, and IV) are dismissed with prejudice.

## II.      Federal Claims Against Defendant Fillipitch: Counts I and V

In Counts I and V, Plaintiff brings claims against Fillipitch under Section 1981(a)

and Section 1983.  State law immunities do not apply to federal constitutional claims.

*Haywood v. Drown*, 129 S. Ct. 2108, 2115 n.5 (2009); *see also Monell*, 436 U.S. at 695

n.59; *Salem v. Kozlov*, 2016 WL 4169102, at *5 n.7 (N.D. Ill. 2016) ("While [Rule 775]

very well may immunize [the defendant] against state law civil claims, the Court is

unaware of any authority which would allow a state supreme court rule to immunize a

defendant against liability for federal civil rights violations.").   An immunity for

reporting misconduct to an attorney disciplinary body bars the constitutional claims

against Fillipitch only if federal common law recognizes such an immunity.  *See Bilal*

*v. Wolf*, 2009 WL 1871676, at *6 (N.D. Ill. 2009).

Defendants make no argument regarding possible immunity against Plaintiff's

federal constitutional claims against Fillipitch, nor do they provide any other basis for

dismissing those claims.[2]   Therefore, the Court will not address the viability of these

claims.

## III.     *Monell* Claim Against Will County: Count VI

Under *Monell*, a municipality cannot be held liable under Section 1983 for its

employees' actions based on a theory of *respondeat superior*; instead a plaintiff must

show the municipality somehow caused the alleged harm.  *Monell v. Dep't of Soc.*

---

[2] While Defendants argue Fillipitch is immune from liability under Tort Immunity Act, they conceded this would only immunize Fillipitch from the state law claims.  Dkt. # 13, at 4.

*Servs. of the City of New York*, 436 U.S. 658, 691 (1978). To establish the County's

liability for a Section 1983 claim under the *Monell* doctrine, Plaintiff must show: (1) a

violation of his constitutional rights; (2) an injury; and (3) that the injury and violation

of rights was directly caused by the County's own action or inaction. *Bd. of Comm'rs*

*of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997). The County may be liable

under Section 1983 if the unconstitutional act is directly caused by: "(1) an official

policy adopted and promulgated by its officers; (2) a governmental practice or custom

that, although not officially authorized, is widespread and well settled; or (3) an official

with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d

293, 303 (7th Cir. 2010). "In other words, to maintain a [Section] 1983 claim against a

municipality, one must establish the requisite culpability (a 'policy or custom'

attributable to municipal policymakers) and the requisite causation (the policy or

custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City*

*of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002).

Plaintiff has not alleged the existence of an official policy or claimed Fillipitch

is a final policy maker. To the extent Plaintiff is attempting to establish the existence

of a widespread practice or custom, there are a "few guiding principles" he needs to

keep in mind. *See Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, 2021 WL 767619

(N.D. Ill. 2021). First, generally, a "plaintiff needs to come forward with more than a

handful of incidents." *Id.* at *10 (citing *Wilson v. Cook Cnty.*, 742 F.3d 775, 780 (7th

Cir. 2014)). Thus, a "practice is not widespread if it took place two, three, or four other

6

times." *Id*. Additionally, any other incidents must be "similar to the situation at hand." *Id.* "The other incidents do not need to be identical, but they do need to be sufficiently similar to support an inference of a broader pattern. The greater the dissimilarity, the greater the skepticism that there is a single actionable municipal practice or custom." *Id*. Other courts in this District are also in accord with the principles outlined in *Hamilton*. *See, e.g., Amor v. John Reid & Assocs.*, 2021 WL 825609, at \*5 (N.D. Ill. 2021); *Hutton v. City of Chi.*, 2021 WL 809731, at \*3 (N.D. Ill. 2021) (collecting cases).

Plaintiff's Complaint violates these principles. As in *Hamilton*, Plaintiff supports his allegation of a widespread practice by pointing to one and only one instance of misconduct. *See Hamilton*, 2021 WL 767619, at \*10. In short, as applied here, one instance is "not enough to state a claim that a defendant maintains a widespread practice." *Id.* at \*11. Courts in this District "have generally concluded that to properly state a *Monell* claim based on a custom or policy—absent context creating an inference of a widespread policy or custom . . . a plaintiff must allege more than his own single occurrence." *Hutton,* 2021 WL 809731, at \*4. At bottom, Plaintiff has not pled enough facts to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. So, the Court dismisses Count VI, but without prejudice.

## IV.    Punitive Damages

Finally, Defendants argue they have immunity from Plaintiff's requests for punitive damages and seek to have those requests stricken. The Court views this portion of the motion as a motion to strike under Rule 12(f), which is the proper vehicle to make

such a request. *See Hamilton*, 2021 WL 767619, at *11. But, "[a]n individual who establishes a cause of action under [Section] 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages." *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 460 (1975). And, while punitive damages are not available under Section 1983 from a municipality, they are available in a suit against an official personally. *Kentucky v. Graham*, 473 U.S. 159, 167 n.13 (1985). Defendants' request to strike the prayer for punitive damages against Fillipitch in Counts I and V is denied.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss [13] is granted in part. Counts II, III, and IV of Plaintiff's Complaint are dismissed with prejudice, and Count VI is dismissed without prejudice. Counts I and V remain. Plaintiff's Motion Requesting a Decision on Defendants' Pending Motion to Dismiss on Plaintiff's Complaint [28] is denied as moot. Telephonic status is set for 11/9/2021 at 10:40 a.m. It is so ordered.

Dated: October 7, 2021

_____
Charles P. Kocoras
United States District Judge