UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT IUFFUES WEBB JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) 20 C 5828 |
| JEAN M. FILLIPITCH, et al., | ) Judge Charles P. Kocoras |
| Defendants. | ) ) |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants Jean Fillipitch and Will County's Motion to Dismiss Counts I, III, IV, and VI of Plaintiff's Verified First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' Motion in part.

## BACKGROUND

The following facts come from the FAC and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Plaintiff's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Defendant Jeane Fillipitch is the Law Librarian for the Circuit Court of the Twelfth Judicial District, Will County, Illinois. On September 12, 2018, Fillipitch submitted a Request for Investigation to the Attorney Registration and Disciplinary

Commission of the Supreme Court of Illinois ("ARDC"), claiming Plaintiff was involved in the unauthorized practice of law. As a result of Fillipitch's Request for Investigation, the ARDC investigated the allegations. The complaint against Plaintiff was ultimately dismissed due to lack of substantial evidence.

Plaintiff originally filed a six-count Verified Complaint against Fillipitch and Will County, bringing various federal civil rights and state law claims against Fillipitch, and a *Monell* claim against Will County for failure to properly supervise, control, and discipline. Defendants filed a motion to dismiss the Complaint, which the Court granted in part. The state law claims were dismissed with prejudice and the *Monell* claim was dismissed without prejudice, leaving only Plaintiff's Section 1983 equal protection and Section 1981 claims against Fillipitch.

With leave of Court, Plaintiff is back with a six-count FAC. The FAC adds as defendants the Court Administrator Roger Holland, and other unknown individuals. Against Fillipitch, Plaintiff brings two Section 1981 claims, a Section 1983 equal protection claim, and a state law malicious prosecution claim. Plaintiff also asserts a *Monell* claim against Will County and Holland for failure to properly supervise, control, and discipline.[1] Plaintiff alleges Holland failed to act and follow up on two October 2018 written communications to Holland regarding Fillipitch's ARDC communication; failed to investigate Fillipitch's ARDC communication; and failed to take any

---

[1] Although Plaintiff lumps Will County and Holland together in his Count VI *Monell* claim, the Court considers Count VI to actually state two claims: a *Monell* claim against Will County, and a separate Section 1983 claim against Defendant Holland.

disciplinary action against Fillipitch after the ARDC dismissed the complaint due to a lack of substantial evidence.

Defendants Fillipitch and Will County (collectively, "Defendants") move to dismiss Counts I, III, IV, and VI of Plaintiff's FAC under Rule 12(b)(6).

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

3

## DISCUSSION

Defendants make several arguments in favor of dismissing Counts I, III, IV, and VI of Plaintiff's FAC. First, Defendants argue Count I, a new Section 1981 claim against Fillipitch, must be dismissed because it is time-barred. Second, Defendants assert Fillipitch has absolute immunity from the state law malicious prosecution claim in Count III. Third, Defendants contend the Section 1985(3) claim against Fillipitch in Count IV is duplicative of other claims. Finally, Defendants argue Plaintiff cannot state a *Monell* claim against Will County because Fillipitch's and Holland's positions are controlled and supervised by the chief judge of the circuit court, which is a separate legal entity from Will County. Defendants also ask the Court to address the claim against Holland even though Holland has not yet been served. The Court addresses each argument in turn.

### I. Count I: Section 1981 Claim

Defendants first argue for dismissal of the Section 1981 claim against Fillipitch in Count I. Defendants claim Count I is time-barred because it is based on conduct which occurred more than two years before the lawsuit was filed.

As an initial matter, Section 1981 "does not create a private right of action against state actors." *Campbell v. Forest Pres. Dist. of Cook Cnty., Ill.*, 752 F.3d 665, 671 (7th Cir. 2014). Rather, Section 1983 "provides the exclusive damages remedy for the violation of the rights guaranteed by [Section] 1981 when the claim is pressed against a state actor." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989). In other

words, when the statutory violation claimed by the plaintiff is a violation of a right provided by Section 1981, a private party may sue the state actor for that statutory violation only under Section 1983, not under Section 1981; only private parties may be sued directly under Section 1981. *Nitch v. Ester*, 2017 WL 4650878, at *4 (N.D. Ill. 2017).

Here, however, the question of whether Plaintiff is proceeding under Section 1981 or 1983 is of no moment. "A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error." *Rabe v. United Air Lines*, 636 F.3d 866, 872 (7th Cir. 2011). Because of this, the Court will not require Plaintiff to amend the FAC simply to shift the statutory basis of his claim from Section 1981 to Section 1983. If Plaintiff has a viable claim that Fillipitch violated rights guaranteed to him by Section 1981, dismissing his FAC "because he erroneously premised his right to remedy that violation on Section 1981 rather than on Section 1983 would serve no purpose; justice would require that he be permitted to amend to bring the claim pursuant to Section 1983 instead." *Nitch*, 2017 WL 4650878, at *5 (citing Fed. R. Civ. P. 15(a)(2) (courts "should "freely give leave when justice so requires")). The claim asserted may therefore go forward as a Section 1983 claim even though the FAC does not expressly invoke that statute. *See id.*

It is difficult to discern the difference between the two Section 1981 claims against Fillipitch in the FAC, but the Court tends to agree with Defendants' assessment that Count II appears to be based primarily on the September 2018 ARDC

communication, whereas Count I appears to be based on new allegations about events occurring between January 2017 and July 2018.

The appropriate statute of limitations for Section 1983 claims filed in Illinois is two years. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). However, courts generally do not dismiss claims under Rule 12(b)(6) for failure to be brought within the statute of limitations, because the statute of limitations is an affirmative defense. *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). Dismissal based upon affirmative defenses is rare because "these defenses typically turn on facts not before the court at [this] stage." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). For dismissal to be granted, "the allegations of the complaint itself [must] set forth everything necessary to satisfy the affirmative defense." *Chi. Bldg. Design*, 770 F.3d at 613–14 (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). If there is "*any* set of facts that if proven would establish a defense to the statute of limitations," then a motion to dismiss should be denied. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003).

It may very well turn out that Count I is barred by the statute of limitations. But, the lack of clarity surrounding the dates of the events recounted in Count I precludes the Court from conclusively determining whether the claim is barred by the statute of limitations at this time. Accordingly, the Court denies Defendants' motion to dismiss Count I on this basis.

## II.    Count III: State Law Malicious Prosecution Claim

Defendants argue Count III against Fillipitch must be dismissed because Fillipitch is immune under Illinois Supreme Court Rule 775. Defendants are correct. Rule 775 provides an absolute privilege for any statement made to the ARDC in a complaint regarding the unauthorized practice of law. *See Casamento v. Berendt*, 2018 IL App (2d) 180086, ¶ 8. This Court previously held Fillipitch was immune from the state law claims raised in Plaintiff's original complaint. *See Webb v. Fillipitch*, 2021 WL 4634846, at *2 (N.D. Ill. 2021) (Kocoras, J.). That same immunity defeats Plaintiff's state law malicious prosecution claim. Count III is dismissed with prejudice.

## III.    Count IV: Section 1985(3) Claim

In Count IV, Plaintiff asserts a Section 1985(3) claim, alleging Fillipitch conspired with unidentified others to violate his equal protection rights under the Fourteenth Amendment. Defendants argue the Section 1985(3) claim against Fillipitch is duplicative of the other claims against her and therefore not actionable.

"The function of a [Section] 1985(3) claim is to permit recovery from a private actor who has conspired with state actors." *Fairley v. Andrews*, 758 F.3d 518, 526 (7th Cir. 2009). Where, as here, the alleged conspirator is a state actor who is already named as a defendant, a Section 1985(3) claim "does not add anything except needless complexity." *Id.* Count IV against Fillipitch is superfluous and is therefore dismissed. *See id.*; *Scott v. City of Chi.*, 619 F. App'x 548 (7th Cir. 2015) ("All of the defendants

in this suit, however, are public employees (plus their employer), which means that a conspiracy claim has no role to play.").

In his Response, Plaintiff seeks leave to modify the language of Paragraphs 69, 71, and 72 of the FAC to instead read: "Interfere with plaintiff Webb's right to pursue his rights to engage in Commerce activities pursuant to Article III of the Constitution for the United States of America." Dkt. # 48, at 18. But it is a "basic principle" that a complaint may not be amended by briefs in opposition to a motion to dismiss. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). The Court thus declines to grant Plaintiff's request. Count IV is dismissed.

## IV. Count VI: *Monell* Claim against Will County

Next, the *Monell* claim. Plaintiff attempts to bring a *Monell* claim against Will County for failure to supervise, control, and discipline. Defendants argue Plaintiff cannot state a *Monell* claim against Will County based on the conduct of Fillipitch or Holland because those positions are controlled and supervised by the chief judge of the circuit court, which is a separate legal entity from Will County. Again, Defendants are correct.

Plaintiff erroneously places much emphasis on the fact that Defendants are paid by Will County. "Under section 18(b) of article VI of the Illinois Constitution, clerks of circuit courts are nonjudicial members of the judicial branch of State government and are not county officers, even though county boards are required to pay and, subject to statutory limits, to fix their salaries." *Orenic v. Ill. State Lab. Rels. Bd.*, 127 Ill. 2d

453, 475–76 (1989). "The fact that a county pays the salaries of other nonjudicial employees in the judicial branch, or even administers personnel policies covering them by agreement with the judicial branch, does not in constitutional or statutory terms make the county their employer. Rather, the State, personified by the chief judge of each circuit, is their employer." *Id.* at 476.

Plaintiff's *Monell* claim is predicated solely upon the conduct of state court personnel, not Will County employees. Such a claim cannot stand. *See, e.g., Martinez v. Sgt. Hain*, 2016 WL 7212501, at *4 (N.D. Ill. 2016) (collecting cases finding the county cannot be directly liable under *Monell* for policies, practices, or actions of the sheriff because it is a separate entity). The *Monell* claim against Will County is dismissed, with prejudice.

## V. Defendant Holland

Finally, in Count VI, Plaintiff brings a Section 1983 claim against Holland, alleging that Fillipitch's alleged discrimination was made possible by Holland's failure to supervise, control, and discipline her. Although Plaintiff has not yet effectuated service on Holland, Defendants urge the Court to exercise its discretion and examine the claim against Holland and find it untimely.

In the FAC, Plaintiff alleges he twice notified Holland in writing about his belief that Fillipitch had unlawfully reported him to the ARDC. The two writings were dated October 1, 2018, and October 15, 2018. Plaintiff also claims he went to Holland's office "a few days later," and Holland refused to speak with Plaintiff about the matter.

9

Given these allegations, Defendants argue the latest any claim against Holland accrued was in October 2018, and Plaintiff did not add Holland to this action until more than three years later, when Plaintiff filed the FAC on November 30, 2021. Defendants contend the claim against Holland does not relate back to the original Complaint.

In his Response, Plaintiff says his claim against Holland is not limited to the events of October 2018; rather, the claim is "based upon defendant Holland's gross negligence toward not imposing any form of disciplinary action against Fillipitch after he became personally knowledgeable" about the ARDC's dismissal of the case due to a lack of substantial evidence.[2] Plaintiff's claim against Holland is both substantively and procedurally deficient.

To start, Section 1983 does not allow actions against individuals merely for their supervisory role of others. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). "To succeed on a claim for supervisory liability, a plaintiff must show that the supervisor was personally involved in the constitutional violation." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). That means the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see." *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (cleaned up).

---

[2] Plaintiff also asks the Court to order the "automatic waiving of summons and verified first amended complaint" upon Holland. The Court declines to do so. Plaintiff is not exempt from following the requirements set forth in Rule 4.

Plaintiff's FAC fails to plausibly allege that Holland had such personal involvement in Fillipitch's alleged discriminatory conduct that is at the heart of the FAC. The FAC alleges Holland failed to act and follow up on Plaintiff's October 2018 written communications to Holland; failed to investigate Fillipitch's ARDC communication; and failed to take any disciplinary action against Fillipitch after the ARDC dismissed the complaint due to a lack of substantial evidence. These allegations are all based on events that occurred *after* Fillipitch's alleged discriminatory conduct.

Plaintiff's claim against Holland is also untimely. Again, the statute of limitations is an affirmative defense, so it typically is not a viable basis for challenging a complaint on a motion to dismiss. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). But a complaint can defeat itself. A plaintiff can plead himself out of court on statute of limitations grounds if the face of the complaint shows that the claim is time-barred. *See McMurtry v. Wexford Health Sources, Inc.*, 2021 WL 1165102, at *10 (N.D. Ill. 2021) (collecting cases). That is what Plaintiff has done here.

"Amended suits, which add new parties after the two-year period, are untimely and must be dismissed unless relation back applies or the running of the statute of limitations is tolled." *Terry v. Chi. Police Dep't*, 200 F. Supp. 3d 719, 724 (N.D. Ill. 2016). "An amendment to a pleading relates back to the date of the original pleading when: . . . (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied . . . ." *See* Fed. R. Civ. P.

15(c)(1)(C). Rule 15(c)(1)(B) provides that the amendment must assert a claim arising out of the same "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *See* Fed. R. Civ. P. 15(c)(1)(B).

If an amended complaint passes that barrier, a plaintiff must overcome two additional hurdles. *McMurtry*, 2021 WL 1165102, at *10. The new defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits." *See* Fed. R. Civ. P. 15(c)(1)(C)(i). Next, the new complaint relates back if the new defendant "knew or should have known that the action would have been brought against it*, but for a mistake concerning the proper party's identity*." *See* Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). Here, at a minimum, Plaintiff has not satisfied the last requirement.

The FAC explicitly demonstrates that, at least two years before filing his original Complaint, Plaintiff knew Holland's name and understood he was Fillipitch's supervisor. This is not a case of mistaken identity; Plaintiff simply changed his mind about who he wanted to sue. *See McMurtry*, 2021 WL 1165102, at *12 ("Changing one's mind about who to sue—or making a tactical decision to expand the boundaries of the lawsuit to add new defendants—does not qualify as mistaken identity."). Relation back does not apply and the claim against Holland is dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss [44] is granted in part. Counts III and IV of Plaintiff's Verified First Amended Complaint against Defendant

12

Fillipitch are dismissed, and the claims against Will County and Defendant Holland are also dismissed. Status hearing is set for 3/15/2022 at 10:10 a.m. It is so ordered.

Dated: January 28, 2022

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge